UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONNA NOTO DIAZ, et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>MODERNA US INC, et al.,<br><br>                    Defendants. | CASE NO. C24-0986-KKE<br><br>ORDER GRANTING MOTION TO DISMISS |

Plaintiffs, Donna Noto Diaz and Wayne Diaz, sue Moderna US Inc. ("Moderna") alleging Mrs. Diaz suffered a stroke after receiving the Moderna COVID-19 vaccine. Moderna moves to dismiss this action as barred by the broad liability protections in the Public Readiness and Emergency Preparedness Act ("PREP Act"). 42 U.S.C. § 247d-6d(a)(1). Plaintiffs do not oppose the motion. Because the Court agrees Plaintiffs' claims are barred, Moderna's motion to dismiss is granted and the case is dismissed with prejudice.

## I. BACKGROUND[1]

On March 2, 2021, Mrs. Diaz received the Moderna COVID vaccine at a Safeway pharmacy. Dkt. No. 1-5 ¶¶ 8–9. On March 7, 2021, Mrs. Diaz suffered a major stroke caused by blood clots sustained "[v]ery shortly after receiving the injection of MODERNA." *Id.* ¶¶ 17–18. This stroke led to an extended hospital stay and continuing difficulties walking, sitting, and "other

---

[1] For purposes of this Order, the Court assume the facts alleged in the Complaint (Dkt. No. 1-5) are true.

ORDER GRANTING MOTION TO DISMISS - 1

issues including problems with her hands." *Id.* ¶¶ 19–20. Mr. Diaz has had to care for Mrs. Diaz and can no longer work or leave her for extended periods. *Id.* ¶ 22.

On March 6, 2024, Plaintiffs filed this case in Whatcom County Superior Court. Dkt. No. 1-5. Plaintiffs bring causes of action for strict liability, negligence, and breach of implied warranty. *Id.* ¶¶ 13–16. Moderna was served on June 6, 2024, and timely removed the case to this Court on July 5, 2024. Dkt. No. 1 at 1.

On July 12, 2024, Moderna moved to dismiss the complaint under the PREP Act. Dkt. No. 9. Plaintiffs did not oppose or otherwise respond to the motion. The matter is ripe for the Court's consideration.

## II.   ANALYSIS

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiffs are citizens of Washington state. Dkt. No. 1-5 ¶ 4. Moderna is a citizen of Delaware and Massachusetts. Dkt. No. 1 ¶¶ 9–10. And while a specific amount of damages is not alleged, the Court finds Plaintiffs' allegations of a hospital stay of around one month, continued rehabilitation visits, and ongoing mobility issues that are anticipated to continue indefinitely, sufficiently allege damages in excess of $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

**A.   Legal Standard on a Motion to Dismiss**

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts alleged are true, the plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The Court can also consider material outside the complaint when the information's "accuracy cannot reasonably be questioned." *Lotus Vaping Techs., LLC v. U.S. FDA*, 73 F.4th 657, 677 (9th Cir. 2023) (taking judicial notice of Federal Drug Administration press releases). Here the Court takes judicial notice of excerpts of the Federal Register (Dkt. Nos. 9-6–9-8) and a frequently asked question document from the Congressional Research Service (Dkt. No. 9-10). *See* 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed[.]"); *Guzman v. Polaris Indus., Inc.*, 345 F.R.D. 174, 182 (C.D. Cal. 2023) (taking judicial notice of "one public report by the Congressional Research Service").

**B.    The Case Is Barred by the PREP Act.**

The PREP Act mandates that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration under subsection (b) has been issued with respect to such countermeasure." 42 U.S.C. § 247d-6d(a)(1).[2] Accordingly, PREP Act immunity requires dismissal of claims like Plaintiffs' when: (1) the government has issued a "declaration"; (2) the claim involves the use or administration of a "covered countermeasure"; (3) the defendant is a "covered person"; (4) the claim asserted reflects "losses" that fall within the scope of the immunity granted and have a

---

[2] The sole exception to this immunity is "for an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct[.]" 42 U.S.C. § 247d-6d(d)(1). Such an action can be maintained only in the United States District Court for the District of Columbia. *Id.* § 247d-6d(e)(1). Plaintiffs do not bring such an action.

"causal relationship" to the countermeasures; and (5) the covered countermeasure was obtained through the distribution channels provided in the declaration. *Id.* §§ 247d-6d(a)(1), (a)(2)(B). Each element of PREP Act immunity is met here.

First, the federal government issued a declaration under the PREP Act for "Medical Countermeasures Against COVID-19" effective February 4, 2020. Dkt. No. 9-6.

Second, the covered countermeasures in the declaration include vaccines. Dkt. No. 9-6 at 6 ("Covered countermeasures are any antiviral, any other drug, any biologic, any diagnostic, any other device, or any vaccine, used to treat, diagnose, cure, prevent, or mitigate COVID–19[.]").

Third, Moderna is a covered person as a "manufacturer of a countermeasure." 42 U.S.C. § 247d-6d(i)(2)(B)(i); *see also* Dkt. No. 1-5 ¶ 2 (alleging Moderna is "the owner and producer of the company producing injection medications to respond to COVID").

Fourth, Plaintiffs' claims fall under PREP Act immunity because the losses arising from Mrs. Diaz's blood clot and stroke are alleged to have been directly caused by the COVID-19 vaccine, a covered countermeasure. Dkt. No. 1-5 ¶¶ 17–18; 42 U.S.C. § 247d-6d(a)(2)(B) (PREP Act immunity "applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure, including a causal relationship with the…dispensing, prescribing, administration, licensing, or use of such countermeasure.").

Fifth, the vaccine Mrs. Diaz received was obtained through a covered distribution means, specifically a federal contract. Dkt. No. 9-6 at 6 (declaring federal contract distribution to be covered under the PREP Act), Dkt. No. 9-10 at 2 (explaining the U.S. government entered an agreement with Moderna for the "development, manufacturing, and purchase" of COVID-19 vaccines).

This Court joins other courts in this circuit in finding that claims against vaccine manufacturers for bodily harm arising from COVID-19 vaccines are barred by the PREP Act. *See*

ORDER GRANTING MOTION TO DISMISS - 4

*Gieser v. Moderna Corp.*, No. 1:24-cv-0458 JLT CDB, 2024 WL 4190086 (E.D. Cal. Sept. 13, 2024) (finding claim for physical injury arising from Moderna COVID-19 vaccine barred under the PREP Act and, if excepted from such immunity, the court lacked subject matter jurisdiction); *T.C. by & through Cabaniss v. Pfizer, Inc.*, No. 22-Ccv-01242-WQH-AHG, 2022 WL 17578871, at *2 (S.D. Cal. Nov. 9, 2022) (finding claim for injury from COVID-19 vaccine barred under the PREP Act).

### III.  CONCLUSION

Because Plaintiffs' claims are barred by the PREP Act, Moderna's motion to dismiss is GRANTED.  Dkt. No. 9.  The case is DISMISSED with prejudice.

Dated this 20th day of September, 2024.

Kymberly K. Evanson
United States District Judge